UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEBORAH A. TANNER,

      Plaintiff,

v.                         CASE No.  8:06-CV-2314-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,[1]

      Defendant.

---

O R D E R

      The plaintiff in this case seeks judicial review of the denial of

her claim for Social Security disability benefits.[2] Because the decision of the

Commissioner of Social Security is supported by substantial evidence and

does not contain reversible error, it will be affirmed.

I.

      The plaintiff, who was fifty-four years old at the time of the

administrative decision and who has a college education, has primarily

---

[1]Michael J. Astrue has become the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure. he should be substituted for Jo Anne B. Barnhart as the defendant in this suit.

[2]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 8)

worked as a database manager and an accountant (Tr. 69). The plaintiff filed a claim for Social Security disability benefits, alleging that she became disabled due to fibromyalgia, osteoarthritis, depression, and memory loss (Tr. 68). Her claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a <u>de novo</u> hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of fibromyalgia, osteoarthritis, and cervical spine stenosis (Tr. 19). He concluded that these impairments restricted the plaintiff to light work with occasional limitations in climbing, balancing, stooping, kneeling, and crouching (Tr. 26). She is also limited to frequent, but not constant, handling and fingering (<u>id</u>.). The law judge further restricted the plaintiff from climbing ladders, scaffolds, and ropes, and from work at unprotected heights (<u>id</u>.). Based on the testimony of a vocational expert, the law judge found that these limitations did not preclude the plaintiff from engaging in her past relevant work as a database manager and accountant (Tr. 27). Accordingly, the law judge decided that the plaintiff was not disabled (<u>id</u>.). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

-2-

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3). The Act provides further that a claimant is not disabled if she is capable of performing her previous work. 42 U.S.C. 423(d)(2)(A).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record

-3-

compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The plaintiff challenges the law judge's decision on three grounds. None warrants reversal.

The plaintiff argues, first, that the law judge failed to provide good cause for rejecting the opinions of Dr. Joe T. Kelley, III, and Dr. Powel A. Crosley, two of her treating physicians (Doc. 13, pp. 8-13). Both physicians filled out forms essentially indicating that the plaintiff is totally disabled (Tr. 369, 400). The law judge discounted these opinions. The plaintiff's challenge to the law judge's determinations is unpersuasive.

Opinions from treating physicians are entitled to substantial or considerable weight unless there is good cause for not giving them such weight. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). Good cause exists when the treating physician's opinion is not bolstered by the evidence, the evidence supports a contrary finding, or the opinion is conclusory or inconsistent with the physician's own medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997). If the law judge decides to disregard the opinion of a treating physician, he must clearly articulate the reasons for doing so. Phillips v. Barnhart, supra.

The plaintiff was referred in March 2005 to Dr. Crosley for pain management (Tr. 365). On October 18, 2005, Dr. Crosley marked a form indicating, among other things, that the plaintiff is able to sit for less than a total of one hour in an eight-hour day and is able to stand or walk for less than a total of one hour in an eight-hour day (Tr. 369). Dr. Crosley also opined that the plaintiff could lift less than five pounds occasionally (Tr. 370).

One day later, on October 19, 2005, Dr. Kelley, the plaintiff's rheumatologist, marked a form brought in by the plaintiff. They "complete[d] these questions together after discussing them" (Tr. 371). Dr. Kelley also indicated that the plaintiff could sit for less than a total of one hour in an eight-hour day and could stand and walk for less than a total of one hour in an eight-hour day (Tr. 400).

No meaningful explanation was given by either doctor for these severe limitations, which suggest that the plaintiff is a virtual invalid since she can sit for less than one hour and stand or walk for less than one hour and seemingly must be in a prone position for more than six hours of an eight-hour work day. Because these opinions were conclusory, the law judge was

-6-

justified in discounting them.  See Johns v. Bowen, 821 F.2d 551 (11ᵗʰ Cir.

1987); Lanier v. Commissioner of Social Security, 2007 WL 3120318 (11ᵗʰ

Cir. 2007)(unpub. dec.).  Moreover, Dr. Kelley's opinion was rendered in

collaboration with the plaintiff and thus may not reflect his independent

objective medical views.

Furthermore, the law judge gave the following explanation for

discounting the doctors' opinions (Tr. 25):

> Treating Drs. Crosley and Kelley's medical source statements at Exhibits 16F and 20F are magnified and not supported by their own objective findings on examinations nor with the other medical evidence of record.  These restrictions are not consistent with the claimant's activities of daily living that include light household chores, knitting, gardening, going out to dinner and driving. In fact, Dr. Kelley opined as late as May 2005 that the claimant had only moderate tenderness over the cervical, thoracic and lumbar paraspinal muscles and moderate tenderness over the supraspinatus and infraspinatus muscles.  He even encouraged her with regard to physical therapy and increasing her amount of aerobic exercise.  Progress notes in August [2005] indicated that [her] shoulders, elbows, wrists, hands, hips, knees, ankles and feet moved well without synovitis or effusion.
>
> Dr. Crosley noted good relief from the muscle stimulator and the steroid epidurals injections. In May 2005, he noted no focal neurologic deficits.

> Nerve conduction studies performed in September 2005 did not show significant impingement of any nerve in the upper extremity or cervical region. He observed that the claimant was able to ambulate with a non-antalgic gait. Other records show good relief with medications and the claimant's treating neurologist indicated here [sic] was nothing wrong with her neurologically.

This explanation provides good cause for discounting the opinions of the two treating doctors. The law judge could easily conclude from the medical evidence that the doctors have grossly overstated the plaintiff's functional limitations. There is nothing in the doctors' notes, or the rest of the medical evidence, that indicates, for example, that the plaintiff cannot even sit up for as much as an hour during an eight-hour period.

It is appropriate to add that Dr. Crosley stated that the plaintiff's condition with her restrictions had existed since at least 2002 (Tr. 370), and Dr. Kelley said that the plaintiff's condition with her restrictions had existed since at least 2003 (Tr. 401). The opinions are contradicted by Dr. Kelley's note of January 20, 2004, that the plaintiff "even recently traveled to Germany" (Tr. 259).

The law judge, therefore, had an adequate basis to discount the opinions of Drs. Crosley and Kelley.

The plaintiff argues further that the law judge improperly relied upon the opinions of non-examining, reviewing physicians (Doc. 13, p. 7). However, the law judge merely stated, "I agree with the assessments of the State Agency expert physicians and find their medical opinions to be persuasive" (Tr. 24). This does not indicate that he based his decision upon those opinions, but simply recognized that his own independent assessment brought him to the same conclusion as the reviewing physicians. In all events, the law judge, having discounted the opinions of Drs. Crosley and Kelley and having considered the evidence of record, could have given great weight to the opinions of the reviewing physicians (although he did not purport to do so). Ogranaja v. Commissioner of Social Security, 2006 WL 1526062 at *3 (11th Cir. 2006).

The plaintiff's second contention is that the law judge failed properly to evaluate the plaintiff's pain using the Eleventh Circuit pain standard (Doc. 13, p. 13). As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that

condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."

If the law judge determines that, under this test, the complaints of pain are not supported by the objectively determined medical condition, then the subjective complaints cannot be the basis for a finding of disability and the law judge need not assess the credibility of the complaints of pain. He must, however, provide an adequate explanation for the determination in order to permit, upon judicial review, an assessment whether the proper standard was applied and whether the finding is supported by substantial evidence. See, e.g., Walker v. Bowen, 826 F.2d 996, 1004 (11th Cir. 1987); Johns v. Bowen, 821 F.2d 551, 556 (11th Cir. 1987).

If, on the other hand, the law judge determines that there is objective medical evidence of an impairment which could reasonably be expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, 761 F.2d 1545, 1549 n.6 (11th Cir. 1985). Thus, if the law judge discredits the plaintiff's subjective

testimony, he must articulate explicit and adequate reasons for doing so.

Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002).

The law judge indicated the proper standard under which to

assess the plaintiff's allegations of pain, citing, among other things, Landry

v. Heckler, supra. Moreover, the law judge expressly set out the regulatory

factors that are to be considered when evaluating subjective complaints (Tr.

19-20). He then stated (Tr. 20):

> In this case, the U.S. Administrative Law Judge
> has considered these factors as well as the medical
> and work history, the findings made on
> examination, the opinions of medical sources and
> the claimant's demeanor at hearing. The objective
> clinical and laboratory findings do not establish
> that the claimant has impairments capable of
> producing the symptoms and functional limitations
> alleged.   Considering the above factors, the
> Administrative Law Judge finds that the claimant's
> allegations are not supported by the weight of the
> evidence and are not fully credible.

The law judge then conducted a detailed evaluation of the evidence (Tr. 20-

23). He then stated (Tr. 24):

> The limitations to which the claimant testified are
> in excess of those which reasonably would be
> expected from the objective clinical findings and
> are not consistent with the medical and other
> evidence of record.  The undersigned finds that the

-11-

> claimant's allegations and level of functional
> limitations are not supported by the medical and
> other evidence in the record and are thus not fully
> credible.   I observed at the hearing that the
> claimant remained sitting during approximately
> three-fourths hour without any facial gestures or
> grimaces of pain noted and no significant difficulty
> was observed. At the end of the hearing, she stood
> up and walked out of the courtroom with a normal
> gait and no difficulty was observed. She was alert
> and aware of everything that went on at the hearing
> and she understood and answered all questions
> appropriately. I find that the claimant exaggerated
> her symptoms and restrictions and that these are
> not supported by the medical signs or laboratory
> findings to the extent alleged.

The law judge also pointed out that "[t]he claimant testified that she is able

to do research on the internet and in fact, is trying to write a book" (id.).  In

addition, the law judge noted that the plaintiff drives, walks her dog, knits,

does housework in stages, does laundry, and uses the computer (Tr. 20).

    The law judge, consequently, has provided an adequate

explanation for his credibility determination. Heppell-Libsansky v.

Commissioner of Social Security, 2006 WL 622745 at *5 (11th Cir.

2006)(unpub. dec.).  Notably, the law judge has not concluded that the

plaintiff is pain free, but rather has found that her pain restricts her to light

work.[3] The finding that the plaintiff's pain does not restrict her to less than light work is supported by substantial evidence, and a contrary finding is not compelled.

The plaintiff objects to the law judge's consideration of the plaintiff's demeanor at the hearing. However, that is clearly permissible as long as the law judge considers the other evidence as well. Macia v. Bowen, 829 F.2d 1009, 1011 (11th Cir. 1987). Here, the law judge clearly considered the medical evidence, as well as the plaintiff's demeanor. Moreover, the law judge's observation seems particularly pertinent in this case in light of the opinions of the two treating physicians that the plaintiff could sit for less than a total of one hour in an eight-hour day.

The tricky part of the credibility determination results from the diagnosis of fibromyalgia. The hallmark of that condition is the lack of objective findings. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005). The plaintiff's third argument is that, in light of this characteristic of fibromyalgia, the law judge improperly evaluated that impairment.

---

[3]It is appropriate to add that, if the law judge had found that the plaintiff were limited to sedentary work, she still would have been determined to be not disabled, since her prior jobs fell into that category (Tr. 420).

The Eleventh Circuit has indicated that it is error to reject a claimant's testimony based on the lack of objective evidence documenting fibromyalgia. Id. That error, however, did not occur here.

In the first place, it was appropriate for the law judge to refer to the objective clinical and laboratory findings in view of the plaintiff's other impairments, particularly the severe impairments of osteoarthritis of the hands and cervical spinal stenosis. Moreover, as the Commissioner points out, the law judge accepted the diagnosis of fibromyalgia as a severe impairment.

In all events, the law judge did not indicate he was discounting the plaintiff's complaints of pain because of a lack of objective findings of her fibromyalgia. In fact, the law judge found that the plaintiff did have pain that limited her to light work. Moreover, in determining the extent of the pain and the functional limitations it caused, the law judge considered the doctors' treatment notes, the plaintiff's daily activities and her demeanor at the hearing. The plaintiff's credibility determination, therefore, was not flawed because of an improper consideration of her fibromyalgia. Moore v. Barnhart, supra; Peters v. Astrue, 2007 WL 1116221 at *6 (11th Cir.

-14-

2007)(unpub. dec.); <u>Hennes</u> v. <u>Commissioner of Social Security Admini-</u>

<u>stration</u>, 2005 WL 1027242 at *4 (11th Cir. 2005)(unpub. dec.).

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is

hereby AFFIRMED. The Clerk shall enter judgment in accordance with this

Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this ___3___ day of

March, 2008.


THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE
